**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DAVID TURNER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO: 4:26-CV-03147** |
| **AVETTA, LLC, ET. AL,** | § | |
| **Defendants.** | § | |
| | § | |

**DEFENDANTS' LIMITED APPEARANCE EMERGENCY MOTION TO STRIKE IMPROPER NOTICE OF FILING OF NOTICE OF REMOVAL (Doc #26) AND MOTION TO STRIKE EMERGENCY MOTION (Doc #23)**

Defendants Avetta, LLC, Arshad Matin, Jeff Dalton, Abid Yousuf, Leah Morelos, Johanna Gneiting, Stephany Acosta, Anna Bradbury, and Aaron Wattam (collectively, "Movants"), appearing specially and solely for the limited purpose of seeking to strike Plaintiff David Turner's improper filings relating to a separate state-court action, and without making a general appearance or waiving any defenses, objections, rights, or arguments, including without limitation any defenses under the Federal Rules of Civil Procedure, hereby file this Limited Appearance Motion to Strike Improper Notice of Filing of Notice of Removal (Doc #26) and Motion to Strike Emergency Motion (Doc #23) filed by Plaintiff David Turner ("Turner"), and state as follows:

## I. LIMITED APPEARANCE AND RESERVATION OF RIGHTS

Movants appear solely for the limited purpose of seeking to strike Turner's improper filings concerning a separate state-court action. This Motion is not a response to the Complaint or to the merits of Turner's federal claims, and Movants expressly preserve all defenses, objections, rights, and arguments, including under Fed. R. Civ. P. 12(b), 12(g), and 12(h). Nothing in this Motion constitutes a general appearance or a waiver of any defense, objection, or responsive pleading.

## II. SUMMARY

This motion concerns two improper filings by Turner in this pending federal employment action:

1. Notice of Filing of Notice of Removal; (Doc #26) and
2. Emergency Motion for Protective Order, for Order Declaring State Court TRO Void or Unenforceable, and for Sanctions Against Defendants and Their Counsel. (Doc #23)

Turner is the plaintiff in this federal employment case. Separately, Turner is a defendant in an unrelated state court action in which the state court granted a temporary restraining order. *See Avetta, LLC, et. al v. David Turner*, No. 2026-32456, (295th Dist. Ct., Harris County, Tex., May 15, 2026) (Exs. 1 and 2).

Turner filed his improper Notice of Filing Notice of Removal (Doc #26) and a notice of removal in the state court action after the TRO was granted but before the Court held a hearing on the temporary injunction. As a result of Turner's flawed filings, the state court believed the case was removed and canceled the temporary injunction hearing. The TRO is set to expire on its own terms, and there is no pending temporary injunction hearing—even though the state court case was not actually removed.

Rather than properly removing the state court action through the procedure required by 28 U.S.C. §§ 1441 and 1446, Turner attempted to place that state-court matter before this Court by filing a notice in this existing federal case and then seeking emergency relief directed at the state court TRO proceeding. *See* Doc #26.

That is not a proper removal procedure. Filing a notice in a pending federal action does not remove (or consolidate) a separate state court case. *See* 28 U.S.C. § 1446. Therefore, Turner's notice of filing notice of removal (Doc #26) should be stricken.

Similarly, because no valid removal has occurred in this case, Turner's emergency motion—seeking relief based on the premise that this Court may declare the state court Temporary Restraining Order ("TRO") void or unenforceable in this action—is likewise procedurally improper and should be stricken. *See* Doc #23.

Movants ask the Court to strike both filings to clarify that the state court action has not been removed by virtue of Turner's filings, and deny any related relief premised on an ineffective removal.

## III. BACKGROUND

This federal action was already pending when Turner filed a document titled Notice of Filing Notice of Removal. (Doc #26) In this case, Turner is the plaintiff asserting discrimination claims. In a separate state court case, Turner is the defendant, and the plaintiffs there have sought a temporary restraining order and temporary injunction. *See Avetta, LLC, et. al v. David Turner*, No. 2026-32456, (295th Dist. Ct., Harris County, Tex., May 15, 2026).

Instead of initiating a separate removed action in federal court through a procedurally proper notice of removal, Turner filed his notice in this existing federal case. Turner also filed an Emergency Motion for Protective Order, for Order Declaring State Court TRO Void or Unenforceable, and for Sanctions Against Defendants and Their Counsel, asking this Court to grant relief concerning the separate state court TRO proceeding. (Doc #23)

Turner's filings improperly attempt to fold the separate unrelated state court matter into this federal employment case. They do not comply with the governing removal statutes and create substantial confusion in the docket and posture of this case.

## IV. ARGUMENT AND AUTHORITIES

### A. Removal of a State Court Action Must Be Accomplished Through the Procedure Required by Statute

Removal is governed by 28 U.S.C. §§ 1441 and 1446. A defendant seeking removal must file a proper notice of removal in the federal district court embracing the place where the state action is pending. The removed matter proceeds as a separate civil action; it is not inserted into an already-pending, unrelated federal case simply by filing a notice on that docket.

Here, Turner did not properly remove the state court action into federal court by commencing or causing the opening of a separate removed case. Instead, Turner filed a notice in this already existing employment action. That filing did not effect removal of the state court matter into this case and has no operative legal effect as a removal under § 1446.

### B. Turner's Status as a State Court Defendant Does Not Permit Him to Inject That Separate Matter Into This Existing Federal Case

Movants acknowledge that Turner is a defendant in the separate state court TRO proceeding. But that does not authorize Turner to bypass the statutory removal process or to combine that state court matter with this federal discrimination case, in which Turner is the plaintiff.

Even if Turner believed the state action was removable, the proper procedure was to file a valid notice of removal in the correct form and manner so that the removed case would proceed as its own federal action. *See* 28 U.S.C. § 1446. Turner could not accomplish removal by docketing a "notice of filing" in this case and then seeking substantive emergency relief concerning the separate state court proceeding here.

### C. Because No Valid Removal Has Occurred in This Case, Turner's Emergency Motion Is Procedurally Improper

Turner's Emergency Motion for Protective Order, for Order Declaring State Court TRO Void or Unenforceable, and for Sanctions Against Defendants and Their Counsel (Doc #23) is premised on the notion that this Court may adjudicate the validity or enforceability of the state court TRO proceeding within this federal employment case.

However, because Turner has not properly removed the state court action into this case, there is no procedural basis for this Court, in this action, to entertain requests directed to the separate state-court matter. The emergency motion therefore should be stricken as improper, unauthorized, and confusing.

To the extent the emergency motion seeks sanctions against Movants and their counsel based on the same defective premise, that request likewise should be stricken or denied because it depends on a removal that has not occurred in this case.

### D. The Court Has Authority to Strike Improper or Unauthorized Filings and to Manage Its Docket

Federal courts possess inherent authority to manage their dockets and to strike improper, unauthorized, immaterial, or confusing filings. Pursuant to Fed. R. Civ. P. 12(f) and the Court's inherent authority, the Court may strike filings which are procedurally improper and threaten confusion or prejudice.

Both challenged filings fit that description. The Notice of Filing of Notice of Removal suggests that a separate state court action has somehow been removed into this federal employment case when it has not. The Emergency Motion compounds that confusion by requesting substantive relief aimed at the state court proceeding as though it were properly before this Court in this action.

Striking both filings is appropriate to preserve an orderly record and prevent further confusion.

### E. Clarifying Relief Is Necessary

Because Turner's filings appear intended to suggest that the state court matter is now before this Court, an express clarification is warranted. The Court should state that:

1. Turner's Notice of Filing of Notice of Removal did not remove the state court action into this federal case;
2. Turner's Emergency Motion for Protective Order, for Order Declaring State Court TRO Void or Unenforceable, and for Sanctions Against Defendants and Their Counsel is not properly before the Court in this action insofar as it seeks relief concerning the separate state court TRO proceeding; and
3. this case remains limited to the claims and parties properly before the Court in the already pending federal employment action.

## V. PRAYER

For these reasons, Movants respectfully request that the Court:

1. Strike Turner's Notice of Filing of Notice of Removal (Doc #26);
2. Strike Turner's Emergency Motion for Protective Order, for Order Declaring State Court TRO Void or Unenforceable, and for Sanctions Against Defendants and Their Counsel (Doc #23);
3. Declare that Turner's filing did not effect removal of the separate state court action, into this case;
4. Deny any request for relief in this action premised on the assertion that the state court matter has been removed and consolidated with this case; and

5. Grant Movants all other and further relief to which they may be justly entitled.

Respectfully submitted,

*/s/ Zahra Jivani Fenelon*
Kelley Edwards
Texas Bar No. 24041775
Federal I.D. No. 560755
kedwards@littler.com
Tim McInturf
Texas Bar No. 00788020
Federal I.D. No. 18058
tmcinturf@littler.com
Zahra Jivani Fenelon
Texas Bar No. 24052826
Federal I.D. No. 2621972
zfenelon@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: 713.951.9400
Facsimile: 713.951.9212

ATTORNEYS FOR DEFENDANTS AVETTA, LLC., ARSHAD MATIN, JEFF DALTON, ABID YOUSUF, LEAH MORELOS, JOHANNA GNEITING, STEPHANY ACOSTA, ANNA BRADBURY, and AARON WATTAM

**CERTIFICATE OF SERVICE**

I certify that on May 29, 2026, a true and correct copy of the foregoing document was duly served via ECF filing, certified mail, return receipt requested and email as follows:

David Turner
10311 Mackies Run Lane
Cypress, TX 77433
Davidcturner2016@gmail.com
David.Tuner5898@gmail.com

DEFENDANT

*/s/ Zahra Jivani Fenelon*
Zahra Jivani Fenelon