**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

JUN 0 1 2026

Nathan Ochsner, Clerk of Court

DAVID TURNER,
Plaintiff,

v.

AVETTA, LLC; ARSHAD MATIN;
JEFF DALTON; ABID YOUSEF;
LEAH MORELOS; JOHANNA GNEITING;
STEPHANY ACOSTA; ANNA BRADBURY;
and AARON WATTAM,
Defendants.

**Civil Action No. 4:26-cv-03147**

**PLAINTIFF'S MOTION FOR LEAVE TO FILE OBJECTIONS TO MAGISTRATE JUDGE'S JUNE 1, 2026 ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(a), REQUEST FOR MODIFICATION OF PRE-FILING RESTRICTION, AND WITHDRAWAL OF CONSENT TO MAGISTRATE JUDGE JURISDICTION**

Plaintiff David Turner, proceeding pro se, respectfully moves for leave to file objections to the Magistrate Judge's Order entered June 1, 2026 (the "Order"), for a limited modification of the pre-filing restriction imposed therein, and to withdraw his prior consent to proceed before a magistrate judge under 28 U.S.C. § 636(c). Plaintiff acknowledges the Court's authority and expresses genuine respect for the Court's need to manage a voluminous docket. Plaintiff seeks only a fair opportunity to be heard on the most urgent matters while this case proceeds before the District Judge.

## I. PRELIMINARY STATEMENT

1. Plaintiff fully understands and respects why this Court entered the Order. The docket in this case reflects more than sixty filings in approximately six weeks, many filed by a pro se litigant who is not trained in the law and who has been fighting for his family's survival under extraordinary pressure. Plaintiff recognizes that the volume of filings—however well-intentioned—may have burdened the Court. Plaintiff accepts the Court's implicit guidance to slow down and will comply fully with any reasonable filing limits the Court imposes.
2. At the same time, the Order's practical effect is to completely bar Plaintiff from filing anything—even a response to a motion, even a request to protect his children's access to medical care, even a reply to the very defendants who have abandoned this litigation and continue to forum-shop in state court. That complete bar, imposed without prior notice or an opportunity to be heard, rewards the defendants' obstruction and punishes the only party who has diligently prosecuted this case.

3. The defendants—a multi-billion-dollar corporation, backed by a $290 billion private equity firm, represented by the world's largest employment-defense law firm—have not answered the Fourth Amended Complaint. They have not responded to discovery. They have not opposed summary judgment. They have appeared in this Court exactly once: to file a frivolous "limited appearance" motion to strike. Meanwhile, they actively litigate a parallel proceeding in state court, seeking to extend a Temporary Restraining Order procured through the deliberate omission of exculpatory evidence.
4. The Order, while procedurally within the Court's discretion, has the unintended consequence of muzzling the pro se plaintiff while the defendants continue their obstruction with impunity. Plaintiff respectfully submits that there were—and are—less restrictive alternatives that would have served the Court's legitimate interest in docket management without effectively silencing the party who needs this Court's protection most.

## II. WITHDRAWAL OF CONSENT TO MAGISTRATE JUDGE JURISDICTION

5. Plaintiff previously filed a consent to proceed before a magistrate judge for all purposes, including trial and entry of final judgment, under 28 U.S.C. § 636(c). That consent was filed before the June 1, 2026 Order.
6. Under 28 U.S.C. § 636(c)(4), a party may withdraw consent "for good cause shown." Good cause exists here.
7. The June 1 Order struck Plaintiff's Notice of Removal as procedurally improper, denied all pending motions—including unopposed motions for summary judgment and emergency motions for protective relief—as "frivolous," "lack[ing] merit," or "procedurally improper," and imposed a complete pre-filing restriction without prior notice or an opportunity to be heard. This order was entered without a hearing, without a status conference, and without the defendants having answered the complaint or opposed any dispositive motion.
8. The substance and tone of the Order demonstrate that the Magistrate Judge views Plaintiff's case with skepticism. Plaintiff has lost confidence that the Magistrate Judge will fairly adjudicate this matter. Plaintiff's right to a fair and impartial tribunal is paramount, and that right is best served by retaining District Judge George C. Hanks, Jr. as the presiding judge for all purposes.
9. Plaintiff's consent was given before the Court issued a ruling that effectively silences him while rewarding the defendants' obstruction. This is a material change in circumstances that constitutes good cause for withdrawal.
10. Plaintiff has not yet been notified whether any defendant has filed a consent. To prevent the automatic transfer of this case to the Magistrate Judge for all purposes before Plaintiff's withdrawal is ruled upon, Plaintiff respectfully requests that the Clerk not process any consent form filed by any defendant until the Court rules on this withdrawal.
11. Plaintiff's withdrawal of consent is made in good faith and not for delay. Plaintiff has every confidence in District Judge Hanks and respectfully requests that the District Judge retain full jurisdiction over this case.

## III. THE ONGOING AND ESCALATING CONDUCT OF THE DEFENDANTS

12. The defendants' discriminatory and retaliatory conduct did not end with Plaintiff's termination. It continues to this day and has intensified. Plaintiff brings this to the Court's attention not to relitigate the merits but to demonstrate why a complete filing ban leaves Plaintiff defenseless against ongoing, intentional harm.
13. **Retaliation Against Current Employees.** Defendants, under the leadership named in this suit, have threatened and retaliated against current Avetta employees for discussing this case or communicating with Plaintiff. This conduct chills witness cooperation and obstructs the truth-finding process.
14. **Discriminatory Hiring Practices.** Defendants recently hired a new Senior CPM into an even higher-capacity role than the position from which Plaintiff was terminated. The individual hired lacks qualifications comparable to Plaintiff's, demonstrating that the stated reasons for Plaintiff's termination were pretextual and that Avetta continues to discriminate.
15. **Obsessive Surveillance.** Defendant Aaron Wattam, Chief Human Resources Officer, has engaged in obsessive monitoring of Plaintiff's LinkedIn profile, now using covert private browsing to avoid detection. This surveillance is a direct violation of the ADA accommodation Plaintiff requested—to be free from monitoring—which Defendants denied. The denial of that accommodation, followed by increased surveillance, is intentional and malicious. It exacerbates Plaintiff's medical condition precisely as Defendants knew it would.
16. **Phishing Emails.** Plaintiff has received fake job offers via email that perfectly match his professional profile—information to which Defendants have complete access through Plaintiff's personnel file, including his banking information, home address, phone numbers, and medical history. These phishing attempts are either perpetrated by Defendants or made possible by their failure to secure Plaintiff's sensitive data.
17. **Exploitation of Plaintiff's Lack of Medical Coverage.** Defendants are fully aware that Plaintiff and his children lost their health insurance as a direct result of the termination. They know Plaintiff cannot afford medication to manage his medical needs. Their continued surveillance and harassment are designed to inflict maximum harm on a person they know is medically vulnerable and without access to care. This is severe, malicious abuse.
18. **The Need for a Protective Restraining Order.** The conduct described above demonstrates that Defendants have a severe and disturbing fixation on inflicting intentional harm on Plaintiff. That harm extends to Plaintiff's family, who are innocent bystanders to this litigation. A restraining order is urgently necessary to protect Plaintiff and his family from potential threats of physical or psychological harm. The Court should not wait until harm occurs to act.
19. **The Vehicle Emergency Is Immediate.** Plaintiff's vehicle—his sole means of transportation to court and his children's only access to medical care—faces imminent repossession. The Emergency Motion for Temporary Restraining Order was denied without a hearing. Each day that passes without relief adds $14.34 in interest to Plaintiff's auto loan, deepens his credit-card debt, and pushes his family closer to losing their home. If Plaintiff loses his vehicle, he cannot attend court proceedings, his children cannot receive medical care, and his ability to prosecute this case is effectively destroyed.

20. **The Urgent Need for a Status Conference.** This case is at a standstill. The defendants have abandoned the merits. Plaintiff's summary-judgment motions are unopposed and fully supported by the record. A status conference is urgently needed so that the District Judge can address the pending dispositive motions, the defendants' ongoing forum shopping, their unwaivable conflict of interest, and their escalating extrajudicial conduct. Only a status conference can break the impasse and bring this case to the swift resolution that justice demands.

## IV. THE PRE-FILING RESTRICTION SHOULD BE MODIFIED

21. Plaintiff does not seek unrestricted filing privileges. Plaintiff accepts—and will respectfully comply with—any reasonable limits the Court imposes, including a limit on the number of filings, a requirement that all filings be pre-approved by the Court, or a cap on the length of any submission.
22. What Plaintiff respectfully requests is that the complete bar be replaced with a structured permission process that allows him to file:

(a) Objections to the June 1, 2026 Order under Rule 72(a);
(b) A motion to reset the status conference so that the District Judge can address the pending dispositive motions and the defendants' ongoing misconduct;
(c) A renewed motion for a protective restraining order based on the ongoing and escalating conduct described herein;
(d) A renewed emergency motion to halt the vehicle repossession, given that the irreparable harm continues to escalate daily;
(e) Responses to any motion filed by the defendants; and
(f) Such other filings as the Court may authorize upon a concise written request showing good cause.

23. Such a modification would serve the Court's interest in docket management while ensuring that Plaintiff is not rendered defenseless against defendants whose conduct—both inside and outside the courtroom—continues unabated.

## V. THE DEFENDANTS' STRATEGY SHOULD NOT BE REWARDED

24. The most recent filing by the defendants—their May 29, 2026 state-court motion to strike—demonstrates that they have no intention of ceasing their obstruction. They have not answered the complaint. They have not responded to discovery. They have not opposed summary judgment. They are not interested in defending this case because they have no defense. Their strategy is to stall, to exhaust a pro se litigant's limited resources, and to run out the clock on a family that is already hanging by a thread.
25. The Order, by completely barring Plaintiff from filing anything, inadvertently awards that strategy. It rewards the defendants' bad faith by silencing the only party who has diligently prosecuted this action. It punishes the victim of forum shopping, fraud on a tribunal, and ongoing extrajudicial harassment while the perpetrators continue their conduct in another court and through other means. Justice is not served by that result.
26. The Court had other tools available. It could have limited the number of motions. It could have set a status conference to address all pending matters in a single hearing. It could

have ordered the defendants to show cause why they should not be sanctioned. Instead, the Order struck the removal—effectively validating the defendants' forum-shopping strategy—and muzzled the pro se plaintiff. Plaintiff respectfully submits that this was not the correct approach on a record this complete and this clear.

## VI. PRAYER

27. For the foregoing reasons, Plaintiff respectfully requests that the Court:

(a) **Grant** Plaintiff leave to file objections to the June 1, 2026 Order under Rule 72(a) within three (3) business days of this Order, or by June 15, 2026, whichever is earlier;
(b) **Accept Plaintiff's withdrawal of consent** to proceed before a Magistrate Judge for all purposes under 28 U.S.C. § 636(c), find that good cause exists for the withdrawal, and direct the Clerk not to process any consent form filed by any defendant until this withdrawal is ruled upon;
(c) **Modify** the pre-filing restriction to permit Plaintiff to file, with prior Court approval upon a concise written request showing good cause, such motions, responses, and notices as are necessary to prosecute this action, to protect his family from ongoing irreparable harm, and to seek emergency relief from the escalating extrajudicial conduct of the defendants;
(d) In the alternative, **lift** the pre-filing restriction for the limited purpose of allowing Plaintiff to file: (i) a renewed motion for a status conference; (ii) a renewed emergency motion to halt the vehicle repossession; (iii) a motion for a protective restraining order based on the defendants' ongoing surveillance, phishing, and harassment; and (iv) responses to any motion filed by the defendants; and
(e) Grant such other and further relief as the Court deems just and proper.

Dated: June 1, 2026

Respectfully submitted,

[signature]

David Turner, Pro Se
Cypress, TX 77433
(281) 785-3584
David.Turner5898@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Motion was served on all parties of record via electronic mail on June 1, 2026.

[signature]

David Turner