United States Courts
Southern District of Texas
FILED

JUN 02 2026

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

DAVID TURNER,
Plaintiff,

v.

AVETTA, LLC; ARSHAD MATIN;
JEFF DALTON; ABID YOUSEF;
LEAH MORELOS; JOHANNA GNEITING;
STEPHANY ACOSTA; ANNA BRADBURY;
and AARON WATTAM,
Defendants.

**Civil Action No. 4:26-cv-03147**

# PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S JUNE 1, 2026 ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(a)

Plaintiff David Turner, proceeding pro se, respectfully submits these objections to the Magistrate Judge's Order entered June 1, 2026 (the "Order," Docket #71 & continuation). The Order denied all pending motions, struck the Notice of Removal, and imposed a complete pre-filing restriction. On June 1, 2026, the Court granted Plaintiff leave to file these objections (Docket #73). For the reasons set forth below, the Order is clearly erroneous and contrary to law. The District Judge should vacate the Order in substantial part, reinstate the critical motions, lift the pre-filing bar, and set this case on a path to swift resolution.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

1. **The Underlying Case.** Plaintiff filed this employment discrimination and retaliation action on April 20, 2026, after Avetta, LLC terminated him while he was on approved FMLA leave, on paid administrative leave, and with a pending EEOC charge. The termination cut off Plaintiff's sole source of income, causing the cascading financial devastation detailed throughout the record.
2. **Defendants' Abandonment of the Merits.** Since filing, Plaintiff has served a comprehensive Fourth Amended Complaint (Docket #28), two motions for partial summary judgment (Docket #14, #35), a motion for findings of bad faith (Docket #40), a motion to disqualify Littler Mendelson (Docket #27), and other motions for protective relief, sanctions, and a status conference. The defendants have not answered the Fourth Amended Complaint. They have not responded to any dispositive motion. They have not responded to discovery. They have appeared only to file a "limited appearance" and a

motion to strike the removal (Docket #67-70)—a filing that itself is procedurally improper under the Federal Rules. The record is entirely one-sided.

3. **Defendants' Extrajudicial Misconduct.** The defendants' conduct outside this Court is equally egregious. They filed an ex parte Temporary Restraining Order in Harris County state court, deliberately omitting that Plaintiff was on FMLA leave, had a pending EEOC charge, and had filed this federal lawsuit. That TRO was obtained by fraud. The defendants continue to forum-shop, filing a motion in state court on May 29 to resurrect the TRO, while simultaneously filing their limited appearance here. They have engaged in witness tampering, surveillance of Plaintiff's online activity, and ongoing retaliation against current employees who communicate with Plaintiff. As recently as June 1, 2026—the very day the Magistrate Judge entered the Order silencing Plaintiff—Defendants Aaron Wattam and Jeff Dalton repeatedly viewed Plaintiff's LinkedIn profile, demonstrating that their campaign of surveillance and intimidation continues unabated and is, in fact, emboldened by the Order.
4. **The June 1, 2026 Order.** Without holding a hearing, the Magistrate Judge entered an order that: (a) struck Plaintiff's Notice of Removal as procedurally improper; (b) granted the defendants' motion to seal certain exhibits; (c) accepted the Fourth Amended Complaint as the live pleading; (d) denied all remaining motions—listed in the continuation entry—as "either frivolous, lack merit, or are procedurally improper"; and (e) barred Plaintiff from any further filings without prior leave of court. The Order provides no reasoning for any of these rulings, no explanation of which motions fell into which category, and no citation to any legal authority.
5. **Leave to File Objections Granted.** On June 1, 2026, Plaintiff moved for leave to file these objections, to modify the pre-filing restriction, and to withdraw his consent to magistrate judge jurisdiction (Docket #72). The Court granted the motion in part the same day, authorizing Plaintiff to file objections to the June 1 Order by June 15, 2026 (Docket #73). Plaintiff now files these objections with the Court's express permission.

## II. LEGAL STANDARD

6. Under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district judge must "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." A finding is clearly erroneous when the reviewing court is left with the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). An order is contrary to law when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Garcia v. Wells Fargo Bank, N.A.*, 830 F.3d 202, 206 (5th Cir. 2016).

## III. OBJECTIONS

### A. The Blanket Denial of All Pending Motions Without Any Reasoning Is Clearly Erroneous and Contrary to Law

7. The Order denied twenty-two separately filed motions with a single sentence: "All remaining motions are either frivolous, lack merit, or are procedurally improper." No further explanation was provided. This is fundamentally incompatible with the judicial

without a single word of reasoning is the very definition of arbitrary decision-making and is clearly erroneous.

8. The error is compounded by the fact that many of the denied motions were dispositive. Plaintiff's motions for partial summary judgment (Docket #14, #35) sought judgment on liability. They were unopposed. Under Local Rule 7.4, a failure to respond to a motion "will be taken as a representation of no opposition." The defendants filed no responses. The record supporting summary judgment—contemporaneous emails, performance reviews, medical records, sworn admissions—is overwhelming and entirely unrebutted. Denying unopposed, evidence-supported summary judgment without explanation is contrary to Rule 56 and Local Rule 7.4, and constitutes reversible error.
9. Other motions denied without explanation include: (a) the Motion for Findings of Bad Faith (Docket #40), which documented the defendants' fraud on the state court and forum shopping; (b) the Motion to Disqualify Littler Mendelson (Docket #27), which established an unwaivable conflict of interest; (c) the Emergency Motion for Protective Order and Sanctions (Docket #23), which sought relief from the fraudulently obtained state-court TRO; and (d) the Motion for Status Conference (Docket #21), which sought a hearing to address the defendants' abandonment of the case. Each motion was supported by evidence and law. None were opposed. Denying them without a hearing or reasoning is clear error.

**B. The Order's Contradictory Treatment of the Removal Demonstrates No Substantive Review**

10. The Order granted the defendants' Motion to Strike (Docket #70) and struck the Notice of Removal (Docket #26) as "procedurally improper." Yet the Notice of Removal had been accepted on the docket since May 18. The state court itself acknowledged the removal and passed its May 29 hearing. The removal statute, 28 U.S.C. § 1446, requires only filing in the district court, giving notice to adverse parties, and filing a copy in state court. Plaintiff did all three. The defendants' motion to strike was itself procedurally improper because it was filed as a "limited appearance"—a concept the Federal Rules do not recognize. A party that seeks affirmative relief makes a general appearance. *Productos Carnic, S.A. v. Cent. Am. Beef & Seafood Trading Co.*, 621 F.2d 683, 686 (5th Cir. 1980). Granting a procedurally improper motion to strike a procedurally proper notice, without citing any authority, is contrary to law.

**C. The Denial of Electronic Filing Access to a Pro Se Litigant Is Arbitrary and Punitive**

11. The Order denied Plaintiff's Motion for Leave to File Electronically (Docket #34). No reason was given. Electronic filing is standard in this District. Denying a pro se litigant the ability to file electronically—while represented parties enjoy full access—serves no legitimate case-management purpose and imposes a disproportionate burden on a litigant of limited means. This ruling is clearly erroneous and should be reversed.

**D. The Pre-Filing Restriction Is Disproportionate, Imposed Without Due Process, and Rewards the Defendants' Obstruction**

12. The Order bars Plaintiff from any further filings without prior leave of court, with the warning that any unauthorized filing "will be STRICKEN FROM THE RECORD WITHOUT NOTICE." This is a severe sanction, typically reserved for vexatious litigants after repeated warnings. Plaintiff has never been warned. No hearing was held. Plaintiff was given no opportunity to be heard.
13. The practical effect of the restriction is to silence the only party prosecuting this case while the defendants continue to forum-shop and obstruct. The defendants' answer deadline is June 8, 2026 (see Docket #58). If they default, Plaintiff is barred from filing a motion for entry of default or default judgment. The pre-filing restriction thus rewards the defendants' abandonment and punishes the diligent plaintiff—the precise opposite of what sound case management should achieve.
14. A pre-filing restriction imposed without notice, hearing, or a finding of abusive conduct violates due process. *See, e.g., Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (5th Cir. 2004) (requiring notice and opportunity to be heard before imposing filing restrictions). The Order should be vacated at least to the extent it imposes this restriction, or modified to permit filings essential to prevent irreparable harm, including default motions, a renewed motion for status conference, and a motion to halt the vehicle repossession.

**E. The Order's Internal Inconsistencies Confirm the Absence of Meaningful Review**

15. The Order denies the Motion for Bad Faith (Docket #40) but leaves its three supporting supplements (Docket #59, #65, #66) untouched on the docket. It denies the Motion for Status Conference (Docket #21) but leaves the Motion for Expedited Consideration of that same motion (Docket #22) similarly orphaned. These inconsistencies are inexplicable on substantive grounds. They confirm that the Order was not the product of a careful review of the record, but rather a mechanical docket-clearing exercise. That is not the exercise of judicial discretion; it is an abdication of it.

## IV. IRREPARABLE HARM AND URGENCY

16. The ongoing harm to Plaintiff and his family is severe and escalating. Plaintiff's vehicle—his sole transportation to court and his children's only access to medical care—faces imminent repossession. Plaintiff's children have no health insurance. Plaintiff cannot afford medication. The defendants, aware of this vulnerability, have intensified their surveillance and retaliation. Every day of delay deepens the financial and emotional toll. A status conference is urgently needed to address the pending dispositive motions and the defendants' misconduct. Without immediate relief from this Court, Plaintiff will suffer irreparable injury that no final judgment can fully remedy.

## V. PRAYER FOR RELIEF

17. For the foregoing reasons, Plaintiff respectfully requests that the District Judge:

(a) **Vacate** the portion of the June 1, 2026 Order granting the Defendants' Emergency Motion to Strike (Docket #70) and striking Plaintiff's Notice of Removal (Docket #26);
(b) **Reinstate** Plaintiff's Notice of Removal (Docket #26) on the docket;
(c) **Vacate** the portion of the June 1, 2026 Order denying all other pending motions;
(d) **Reinstate** Plaintiff's Motions for Partial Summary Judgment (Docket #14, #35), Motion for Findings of Bad Faith (Docket #40), Motion to Disqualify Littler Mendelson (Docket #27), Emergency Motion for Protective Order and Sanctions (Docket #23), Motion for Status Conference (Docket #21), and Motion for Leave to File Electronically (Docket #34);
(e) **Lift** the pre-filing restriction, or in the alternative, modify it to permit Plaintiff to file: (i) a motion for entry of default and default judgment if the defendants fail to answer by the applicable deadline; (ii) a renewed emergency motion to halt the vehicle repossession; (iii) a renewed motion for a protective order based on the defendants' ongoing extrajudicial conduct; and (iv) responses to any motion filed by the defendants;
(f) **Set** an immediate status conference to address the reinstated motions and to establish a schedule for the prompt resolution of this case;
(g) **Grant** such other and further relief as the Court deems just and proper.

Dated: June 2, 2026

Respectfully submitted,

David Turner, Pro Se
Cypress, TX 77433
(281) 785-3584
David.Turner5898@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Objections was served on all parties of record via electronic mail on June 2, 2026.

David Turner

## [PROPOSED] ORDER ON PLAINTIFF'S RULE 72(a) OBJECTIONS

On this day, the Court considered Plaintiff's Objections to the Magistrate Judge's June 1, 2026 Order (Docket #71). After de novo review of the record and the applicable law, the Court finds that the Order is clearly erroneous and contrary to law for the reasons stated in the Objections.

IT IS THEREFORE ORDERED:

1. The Magistrate Judge's June 1, 2026 Order is **VACATED IN PART** as follows:
   - The portion of the Order **granting Defendants' Emergency Motion to Strike** (Docket #70) and **striking Plaintiff's Notice of Removal** (Docket #26) is **VACATED**. The Notice of Removal (Docket #26) is **REINSTATED** on the docket.
   - The portion of the Order **denying all other pending motions** is **VACATED**.
   - The **pre-filing restriction** is **VACATED**.
2. The following motions are **REINSTATED** and shall be promptly decided by the Magistrate Judge, or by this Court, consistent with the standard of review:
   - Plaintiff's Motions for Partial Summary Judgment (Docket #14, #35)
   - Plaintiff's Motion for Findings of Bad Faith (Docket #40)
   - Plaintiff's Motion to Disqualify Littler Mendelson, P.C. (Docket #27)
   - Plaintiff's Emergency Motion for Protective Order and Sanctions (Docket #23)
   - Plaintiff's Motion for Status Conference (Docket #21)
   - Plaintiff's Motion for Leave to File Electronically (Docket #34)
3. The **pre-filing restriction** imposed by the June 1, 2026 Order is **LIFTED**. Plaintiff may file motions, responses, and notices in accordance with the Federal Rules of Civil Procedure.
4. A **status conference** is set for _______________, 2026, at ________ ___.m., before the undersigned, to address the reinstated motions and to establish a schedule for the prompt resolution of this case.
5. The Magistrate Judge shall **expedite** consideration of the reinstated motions and issue a report and recommendation on the summary judgment motions, or otherwise dispose of them, within fourteen (14) days.
6. All other provisions of the June 1, 2026 Order not inconsistent with this Order remain in effect.

**IT IS SO ORDERED.**

SIGNED on this ______ day of ____________________, 2026.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE