**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DAVID TURNER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO: 4:26-CV-03147** |
| **AVETTA, LLC, ET. AL,** | § | |
| **Defendants.** | § | |

**DEFENDANTS' RULE 12(b)(6) PARTIAL MOTION TO**
**DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Defendants Avetta, LLC, Arshad Matin, Jeff Dalton, Abid Yousuf, Leah Morelos, Johanna Gneiting, Stephany Acosta, Anna Bradbury, and Aaron Wattam (collectively, "Defendants") move under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff David Turner's Fourth Amended Complaint ("Complaint") to the extent that it asserts claims or theories that fail as a matter of law or that Plaintiff has not plausibly pleaded.

Defendants seek dismissal of: (1) Count II to the extent that Plaintiff asserts Title VII retaliation against the individual defendants; (2) Count III; (3) Count IV to the extent that Plaintiff asserts ADA claims against Anna Bradbury and Johanna Gneiting, and otherwise to the extent that Count IV fails to plead sufficient facts; (4) Count V; (5) Count VI; (6) Count VII; (7) Count VIII; and (8) Count X.

## I. INTRODUCTION

The Complaint exceeds the bounds of the law and the Federal Rules of Civil Procedure. It asserts federal employment claims against individuals who cannot be held personally liable under Title VII or the ADA, advances Texas common-law theories that do not fit recognized causes of

action, and repeatedly pleads claims against "Defendants" collectively without alleging specific facts indicating who did what, when, and how the conduct satisfies the elements of each claim.

This motion seeks dismissal of the claims and theories that fail as a matter of law or that Plaintiff has not plausibly pleaded. The defects are straightforward. Title VII and the ADA do not permit the individual-capacity claims Plaintiff asserts against Avetta's officers, managers, and human resources personnel. Count III, labeled "disparate treatment," does not state a distinct cause of action separate from Plaintiff's discrimination claims and, in any event, relies on generalized conclusions rather than nonconclusory facts. Count IV is asserted in part against individuals who cannot be liable under the ADA and otherwise fails to plead the factual basis necessary to support the accommodation and confidentiality theories Plaintiff advances. Counts V and VI assert ADA retaliation and interference only against individuals who cannot be liable as a matter of law, and both counts are pleaded in conclusory and undifferentiated terms. Count VII simply recites statutory buzzwords of "aiding," "abetting," "inciting," and "coercing" without pleading concrete facts showing how any individual defendant committed those acts. Count VIII does not plead the narrow exception to Texas at-will employment recognized by Texas law. Count X challenges Defendants' alleged motive in seeking judicial relief, but it does not plead the essential element of abuse of process: post-issuance misuse of process for a collateral purpose.

The Complaint also attempts to convert Defendants' filing of a Texas court TRO proceeding into independently actionable retaliation, interference, and tortious conduct. Allegations that Defendants filed a TRO application, submitted affidavits, and asked a court for relief do not, without more, state claims for retaliation, interference, or tortious misconduct.

The Court should dismiss those defective counts and theories now and narrow this case to the claims Plaintiff has plausibly pleaded.

## II. BACKGROUND

Plaintiff alleges that he is a Black man and an individual with a disability who was employed by Avetta as a Client Success Manager II from August 12, 2024, until his termination on April 15, 2026. The Complaint consists largely of Plaintiff's subjective characterization of workplace decisions, personnel actions, and later litigation activity as discriminatory, retaliatory, or otherwise unlawful, rather than factual allegations plausibly establishing the elements of each claim as to each Defendant.

Plaintiff claims that after receiving positive performance reviews and being offered a promotion, Defendant Yousuf rescinded that promotion based on a qualification Plaintiff considers "pretextual," and that two "less-qualified white women" were later hired for the role. But the Complaint does not identify those alleged comparators with factual specificity or allege facts showing that they were similarly situated in the respects necessary to support a plausible inference of discrimination. Instead, it relies on Plaintiff's conclusion that the stated reason for rescinding the promotion was false and discriminatory.

The Complaint similarly treats a series of workplace actions—including a Performance Improvement Plan, the handling of Plaintiff's accommodation request, administrative leave, an internal investigation, and termination—as self-evidently retaliatory or discriminatory based principally on timing, labels, and Plaintiff's disagreement with Defendants' actions. It repeatedly describes those actions as "punitive," a "sham," "false," or "retaliatory," but offers little nonconclusory factual content showing how the conduct of each Defendant satisfied the elements of the specific statutory or common-law claim asserted.

That same pleading defect extends to the individual defendants. The Complaint often attempts to impose liability not through well-pleaded factual allegations of personal participation,

but through assertions that certain individuals were copied on communications, were generally aware of events, or "remained silent," and therefore supposedly "ratified" alleged discrimination or retaliation. As pleaded, those allegations amount to speculation and unsupported inferences, not concrete facts establishing an actionable basis for liability as to each person named in each count.

The Complaint likewise attempts to transform Defendants' filing of a Texas state-court TRO proceeding into further evidence of retaliation, ADA interference, disparate treatment, and abuse of process. But here too, Plaintiff relies on characterizations of Defendants' motives and of the state-court filing as "fraudulent," retaliatory, or designed to "silence" him, rather than factual allegations that plausibly satisfy the elements of the claims he asserts.

## III. RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible only if the complaint pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 8 works in tandem with Rule 12(b)(6). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a plaintiff must provide more than labels and conclusions, more than a formulaic recitation of the elements, and more than a subjective belief that discrimination or retaliation occurred. *Twombly*, 550 U.S. at 555. Dismissal is proper when a complaint fails to assert a legally sufficient claim for relief or pleads only conclusions untethered to concrete facts. *See Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625, 636 (S.D. Tex. 2007).

Although a plaintiff need not establish a full prima facie case at the pleading stage, the familiar substantive standards remain a useful guide in determining plausibility. *Chhim v. Univ. of Tex. at Aus.*, 836 F.3d 467, 470 (5th Cir. 2016). In employment cases, it is not enough merely to assert the legal conclusion that the plaintiff was discriminated against because of a protected characteristic or retaliated against because of protected activity. *See Landavazo v. Toro Co.*, 301 F. App'x 333, 336 (5th Cir. 2008). When a plaintiff pleads facts that describe workplace disagreements, discipline, oversight, investigation, leave decisions, or termination, but does not plausibly connect those actions to unlawful discriminatory or retaliatory motive, dismissal is proper.

## IV. ARGUMENT

### A. Count II should be dismissed to the extent that Plaintiff asserts Title VII retaliation against the individual defendants, and otherwise dismissed to the extent that it rests on undifferentiated and legally defective theories.

Count II asserts retaliation under § 1981 and Title VII against Avetta and all eight individual Defendants. To the extent that Count II asserts Title VII retaliation against Arshad Matin, Jeff Dalton, Abid Yousuf, Leah Morelos, Johanna Gneiting, Stephany Acosta, Anna Bradbury, and Aaron Wattam, it fails as a matter of law because Title VII does not permit individual liability for supervisors, officers, HR personnel, or co-employees acting in their corporate capacities. *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994).

The Fifth Circuit has long held that Title VII does not create personal capacity liability for employees or supervisors who do not independently qualify as the plaintiff's employer. "Only 'employers,' not individuals acting in their individual capacity who do not otherwise meet the definition of 'employers,' can be liable under title VII." *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994); *see also Massey v. Willard*, No. 22-3924, 2023 WL 5034643, at *1,

*3 (E.D. La. Aug. 8, 2023) ("[T]he Fifth Circuit has explicitly stated that relief under Title VII is available only against an employer, not an individual supervisor or fellow employee.") (internal citations omitted).

The Complaint identifies Matin as CEO, Dalton as Chief Legal Officer, Yousuf as Chief Customer Officer, Morelos as Vice President of Client Success, Gneiting as Vice President of People Operations, Acosta as Plaintiff's supervisor, Bradbury as Global HR Manager, and Wattam as Chief Human Resources Officer. Those allegations confirm that Plaintiff sues them as Avetta personnel acting in corporate roles. They do not support treating any of them independently as Plaintiff's employer under Title VII.

Count II is also pleaded in a conclusory and collective manner. Plaintiff alleges that "[e]ach Defendant personally participated in or ratified a cascade of retaliatory adverse actions," but the count does not separate which defendant supposedly took which materially adverse action, which allegations correspond to Title VII retaliation, which correspond to § 1981 retaliation, or how the alleged silence or awareness of certain individuals translates into actionable retaliation. Instead, Plaintiff groups together the PIP, alleged disparate treatment, alleged false accusations, a purported sham investigation, termination, alleged surveillance, and the TRO proceeding and labels all of it "retaliation."

That sort of pleading does not satisfy Rules 8 and 12(b)(6). A plaintiff must plead facts, not simply gather workplace events under a conclusory label of "retaliation." Count II should therefore be dismissed because it asserts Title VII claims against the individual defendants and rests on conclusory, collective, or TRO-based theories that are not plausibly pleaded.

### B. Count III should be dismissed because it is not pleaded as a distinct, viable claim and does not allege sufficient facts to support a separate § 1981 theory.

Count III is labeled "Disparate Treatment" under 42 U.S.C. § 1981 and is asserted against all Defendants. As pleaded, Count III does not identify a distinct cause of action separate from Plaintiff's discrimination claims. "Disparate treatment" is a theory of intentional discrimination, not a stand-alone claim untethered from the elements of a properly pleaded cause of action. *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977). Plaintiff therefore cannot state a separate cause of action merely by labeling Count III "disparate treatment."

Even if Count III is construed as an attempt to plead another § 1981 discrimination claim, it still fails. To state a claim under § 1981, Plaintiff must plead facts plausibly showing intentional race discrimination and but-for race causation. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020). And when a plaintiff relies on disparate treatment, the Fifth Circuit requires meaningful comparator allegations. *See Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009). But Count III alleges only generalized conclusions that white individuals remained employed and undisciplined, that Plaintiff was offered unusual severance, and that a false narrative would not have been used against a white litigant. It does not identify those alleged comparators with meaningful factual specificity, describe whether they were similarly situated, or plead nonconclusory facts supporting a plausible inference that race was the but-for cause of the challenged actions.

Count III thus rests on subjective belief and generalized conclusions, not well-pleaded facts. It should be dismissed.

### C. Count IV should be dismissed to the extent that Plaintiff asserts ADA claims against Anna Bradbury and Johanna Gneiting, and otherwise dismissed or narrowed because it does not plead sufficient facts to support the accommodation and confidentiality theories asserted.

Count IV asserts "Americans with Disabilities Act — Failure to Accommodate and Breach of Confidentiality" against Avetta, Anna Bradbury, and Johanna Gneiting. To the extent that Plaintiff asserts ADA claims against Bradbury and Gneiting individually, those claims fail as a matter of law because the ADA does not permit individual liability. *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) (holding that "the ADA does not permit an action against individual defendants for retaliation for conduct protected by the ADA or for failure to accommodate"). That rule bars Count IV against Bradbury and Gneiting in their individual capacities, and those claims should be dismissed.

Count IV is also inadequately pled on its face. Plaintiff alleges that Defendants failed to accommodate his disability, failed to engage in the interactive process, and shared his confidential medical information with his manager. But Count IV does not identify what accommodation was requested, why that accommodation was reasonable, whether Plaintiff could perform the essential functions of his job with that accommodation, or how Avetta allegedly denied it. Nor does it identify with specificity what confidential medical information was allegedly disclosed, to whom, and under what circumstances. The count instead relies on general assertions that the accommodation process was mishandled and confidentiality was breached.

Those allegations are too conclusory to support the distinct ADA theories Plaintiff advances. Count IV should therefore be dismissed as to Bradbury and Gneiting with prejudice and otherwise dismissed in its entirety for failure to plead sufficient facts.

### D. Count V should be dismissed because it is asserted only against individual defendants who cannot be liable under the ADA and because it is otherwise pleaded in conclusory terms.

Count V asserts ADA retaliation under 42 U.S.C. § 12203(a) against Matin, Dalton, Yousuf, Wattam, Gneiting, Acosta, and Bradbury only. It alleges that Defendants retaliated against Plaintiff for requesting an accommodation by threatening termination, terminating him, and engaging in "ongoing surveillance."

This count fails as a matter of law because the ADA does not permit individual liability. *See Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) (holding that "the ADA does not permit an action against individual defendants for retaliation for conduct protected by the ADA or for failure to accommodate"); *see also Laird v. Spencer*, No. 20-30237, slip op. at 17–18 (5th Cir. Jan. 13, 2025) (explaining that the ADA does not permit personal-capacity suits against individual officials). Count V therefore cannot proceed against the individual defendants.

Independent of that threshold defect, Plaintiff does not plead Count V plausibly. ADA retaliation is a cognizable statutory claim, but a plaintiff must sufficiently allege protected activity, adverse action, and a causal connection. *See Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999). Count V does not tie those elements to specific defendants. It alleges only that "Defendants" threatened termination, terminated Plaintiff, and engaged in what Plaintiff labels "surveillance." It does not identify which named individual engaged in which alleged retaliatory act or plead facts showing how the conduct of each particular defendant satisfied the elements of an ADA retaliation claim. Nor does Plaintiff plausibly allege that post-termination viewing of his LinkedIn profile—conduct he labels "surveillance"—constitutes an actionable retaliatory adverse action. Instead, it offers only the collective conclusion that all defendants retaliated. Count V should be dismissed in its entirety.

### E. Count VI should be dismissed because it is asserted only against individual defendants who cannot be liable under the ADA and because it does not plead a distinct interference theory.

Count VI asserts ADA interference under 42 U.S.C. § 12203(b) against Matin, Dalton, Yousuf, Wattam, Gneiting, Acosta, and Bradbury only. Plaintiff alleges that Defendants "coerced, intimidated, and interfered" with his ADA rights through threats, termination, and the "fraudulent TRO."

Like Count V, Count VI fails as a matter of law because the ADA does not permit individual liability. *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999). And like Count V, Count VI merely repackages the same events under another label without pleading a distinct factual basis showing which defendant interfered with which ADA right and how. The count substitutes buzzwords for facts. It should be dismissed in its entirety.

### F. Count VII should be dismissed because Plaintiff pleads only a conclusory statutory label and not sufficient facts showing that any individual defendant aided, abetted, incited, or coerced unlawful conduct.

Count VII asserts "Aiding and Abetting — Texas Labor Code § 21.056" against all individual defendants. The Complaint alleges that "[e]ach individual Defendant aided, abetted, incited, or coerced the discriminatory and retaliatory practices" and further alleges that Wattam's "admission of knowledge and subsequent inaction is textbook aiding and abetting." But those allegations are precisely the sort of conclusory assertions that Rules 8 and 12(b)(6) do not permit. A complaint must plead enough factual matter to state a claim that is plausible on its face; it is not enough to offer labels, conclusions, or a formulaic recitation of statutory elements. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Bradley*, 527 F. Supp. 2d at 636.

That is all Count VII does. It repeats the statutory verbs "aided," "abetted," "incited," and "coerced" and then declares, in equally conclusory fashion, that Wattam's alleged knowledge and inaction amounts to "textbook aiding and abetting." The Complaint does not plead what Wattam supposedly knew, when he knew it, what authority he had to act, what action he supposedly failed to take, or how that alleged inaction aided any particular discriminatory or retaliatory act. Nor does Count VII identify which other individual Defendant supposedly aided which unlawful act, what conduct constituted abetting, what words or actions incited unlawful conduct, or how any Defendant coerced anyone. Instead, the count rests on the same generalized allegations repeated throughout the Complaint—that certain individuals were involved in communications, aware of events, held managerial or human resources roles, or did not intervene in response to Plaintiff's complaints.

Count VII lumps all individual Defendants together and pleads only conclusions, not facts sufficient to state a plausible claim. Although a plaintiff need not plead a prima facie case, the substantive standards remain a useful guide in determining plausibility. *See Chhim v. Univ. of Tex. at Aus.*, 836 F.3d 467, 470 (5th Cir. 2016). Count VII does not allege facts supporting a reasonable inference that any particular individual defendant aided, abetted, incited, or coerced any specific discriminatory or retaliatory act. Instead, it relies on Plaintiff's characterization of events and motives rather than specific factual allegations plausibly establishing liability as to any of the defendants. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Landavazo*, 301 F. App'x at 336.

Nor can Plaintiff transform generalized allegations of awareness, silence, or nonintervention into a plausible aiding and abetting claim merely by attaching a statutory label to them. Formulaic invocation of Texas Labor Code § 21.056 does not satisfy Rule 8, and conclusory

group pleading does not permit a reasonable inference of liability as to any individual defendant. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Count VII should therefore be dismissed under Rule 12(b)(6).

**G. Count VIII should be dismissed with prejudice because Texas does not recognize the wrongful-termination claim Plaintiff pleads.**

Count VIII alleges wrongful termination in violation of Texas public policy against Avetta. Plaintiff alleges that Avetta terminated him for refusing to drop discrimination claims, requesting an accommodation, and taking FMLA leave.

Texas follows the employment-at-will doctrine. *Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998). The Texas Supreme Court recognizes only one narrow common law exception: an employer may not terminate an employee "for the sole reason that the employee refused to perform an illegal act." *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). The court described that exception as "a very narrow exception" to the employment at will doctrine. *Id.*; *see also Safeshred, Inc. v. Martinez,* 365 S.W.3d 655 (Tex. 2012). Texas courts of appeals apply the same elements: the plaintiff must plead refusal to commit a specific illegal act, and that refusal must have been the sole reason for the termination. *See Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 379–80 (Tex. App.—Hou. [1st Dist.] 2007, no pet 2007) (Tex. App.—Houston [1st Dist.] 2007, no pet).

Plaintiff does not allege that Avetta directed him to commit an illegal act, that he refused to do so, or that such refusal was the sole reason for his termination. Instead, he pleads a wrongful-termination theory outside Texas's narrow Sabine Pilot exception. That does not state a Texas common-law wrongful-discharge claim. Count VIII should be dismissed with prejudice.

### H. Count X should be dismissed with prejudice because Plaintiff does not plead the essential element of abuse of process.

Count X asserts abuse of process against Avetta and all individual defendants based on a TRO (Temporary Restraining Order) proceeding in Texas District Court. Plaintiff alleges that Defendants initiated the TRO for an improper purpose, concealed evidence, fabricated a narrative of violence, and used the process to retaliate against him and interfere with settlement efforts.

Those allegations, even if true, do not state abuse of process. Texas courts require a plaintiff to plead "(1) an illegal, improper, or perverted use of the process, a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted, or improper use of the process; and (3) damages to the plaintiff as a result of such illegal act." *Blackstock v. Tatum*, 396 S.W.3d 463, 468 (Tex. App.—Houston [14th Dist.] 2013, no pet). The first element is the critical one. As Texas courts have explained, "the mere procurement of legal process, even with a bad intention, is not enough." *Bossin v. Towber*, 894 S.W.2d 25, 33 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Instead, the plaintiff must allege "the improper use of the process *after* it has been issued." *Id.*(emphasis added); *see also Moore v. Bushman*, 559 S.W.3d 645, 652 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("Implicit in the elements is the requirement that the process in question be improperly used after it was issued."). "In other words, the tort assumes that the original issuance of a legal process was justified, but the process itself is subsequently used for a purpose for which it was not intended." *Moore*, 559 S.W.3d at 653; *see also Davis v. West*, 433 S.W.3d 101, 111 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) ("A suit for abuse of process must be based on an allegation that the other party misused process for a collateral purpose[.]").

Here, Plaintiff's allegations concern the filing of the TRO application, the contents of the papers filed, and Defendants' alleged motive in seeking relief—including the allegation that the

TRO was intended to interfere with his settlement efforts. But even if accepted as true, those allegations go only to the initiation of the proceeding and Defendants' alleged purpose in seeking the TRO. Plaintiff does not plead facts showing that, after process issued, Defendants misused that process for a collateral purpose outside the ordinary function of the proceeding. Count X therefore fails to state a cognizable claim, and it should be dismissed with prejudice.

## V. CONCLUSION

Defendants respectfully request that the Court grant this Motion and enter an order to:

1. Dismiss Count II with prejudice to the extent that Plaintiff asserts Title VII retaliation against Arshad Matin, Jeff Dalton, Abid Yousuf, Leah Morelos, Johanna Gneiting, Stephany Acosta, Anna Bradbury, and Aaron Wattam, and otherwise dismiss Count II for failure to plead sufficient facts;
2. Dismiss Count III;
3. Dismiss Count IV with prejudice to the extent that Plaintiff asserts ADA claims against Anna Bradbury and Johanna Gneiting, and otherwise dismiss Count IV for failure to plead sufficient facts;
4. Dismiss Count V with prejudice;
5. Dismiss Count VI with prejudice;
6. Dismiss Count VII;
7. Dismiss Count VIII with prejudice;
8. Dismiss Count X with prejudice; and
9. Grant Defendants all further relief to which they may be justly entitled.

Respectfully submitted,

*/s/ Kelley Edwards*

Kelley Edwards
Texas Bar No. 24041775
Federal I.D. No. 560755
kedwards@littler.com
Zahra Jivani Fenelon
Texas Bar No. 24052826
Federal I.D. No. 2621972
zfenelon@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: 713.951.9400
Facsimile: 713.951.9212

ATTORNEYS FOR DEFENDANTS AVETTA, LLC., ARSHAD MATIN, JEFF DALTON, ABID YOUSUF, LEAH MORELOS, JOHANNA GNEITING, STEPHANY ACOSTA, ANNA BRADBURY, and AARON WATTAM

**CERTIFICATE OF CONFERENCE**

I certify that I made serious and timely efforts to confer with Plaintiff David Turner regarding the relief requested in this Rule 12(b)(6) Motion to Partially Dismiss Plaintiff's Fourth Amended Complaint.

On July 20, 2026 at 1:37 p.m., I emailed Plaintiff David Turner at Davidcturner2016@gmail.com and David.Turner5898@gmail.com to request Plaintiff's position on this Motion.

Plaintiff stated "I do not oppose the filing of the motion. However, I reserve all rights to respond to the motion on the merits and to seek sanctions if the motion is frivolous."

*/s/ Zahra Jivani Fenelon*
Zahra Jivani Fenelon

**CERTIFICATE OF SERVICE**

I certify that on July 20, 2026, a true and correct copy of this document was duly served via ECF filing, certified mail, return receipt requested and email as follows:

David Turner
10311 Mackies Run Lane
Cypress, TX 77433
Davidcturner2016@gmail.com
David.Turner5898@gmail.com

DEFENDANT

*/s/ Kelley Edwards*
Kelley Edwards