United States Courts
Southern District of Texas
FILED
July 28, 2026
Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

DAVID TURNER,

Plaintiff,

v.

**CIVIL ACTION NO. 4:26-cv-03147**

AVETTA, LLC, et al.,

JUDGE GEORGE C. HANKS, JR.

Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 12(b)(6) PARTIAL MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE PETER BRAY:**

COMES NOW, David Turner, Plaintiff, Pro Se, and files this Response to Defendants' Rule 12(b)(6) Partial Motion to Dismiss Plaintiff's Fourth Amended Complaint (the "Motion"). In support thereof, Plaintiff respectfully shows the Court as follows:

# I. PRELIMINARY STATEMENT

1. Defendants have filed a Rule 12(b)(6) Partial Motion to Dismiss seeking dismissal of Counts II (in part), III, IV (in part), V, VI, VII, VIII, and X. Defendants' Motion is premised on two primary arguments: (1) that certain federal statutes do not permit individual liability; and (2) that Plaintiff has failed to plead sufficient facts to state certain claims.
2. As to the individual liability arguments under Title VII and the ADA, Defendants are correct that these statutes do not impose individual liability. However, **Plaintiff's Section 1981 claims against individual defendants are not subject to dismissal** because Section 1981 does permit individual liability. Plaintiff has clearly pleaded Section 1981 retaliation in Count II and Section 1981 discrimination in Count III. These claims survive.
3. As to Plaintiff's FMLA retaliation claim, **Plaintiff was terminated while on approved FMLA leave**. The Fifth Circuit has recognized that "a plaintiff may establish a prima facie case of FMLA retaliation by showing that she engaged in a protected activity, that she suffered an adverse employment action, and that a causal link exists between the protected activity and the adverse action." *Campos v. Steves & Sons, Inc.*, No. 19-51100, slip op. at 17 (5th Cir. Aug. 19, 2021). Plaintiff has pleaded all three elements. Count

VIII (wrongful termination) is pleaded as a separate state-law claim, but even if dismissed, Plaintiff's **FMLA retaliation claim remains** and is adequately pleaded.

4. Plaintiff concedes that Count X (abuse of process) may be subject to dismissal under Texas law. Texas courts require a showing of post-issuance misuse of process, and Plaintiff's allegations regarding the TRO are primarily directed at its procurement. *See Bossin v. Towber*, 894 S.W.2d 25, 33 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Plaintiff does not oppose dismissal of Count X.
5. Plaintiff respectfully requests that the Court:
   - **DENY** the Motion as to Counts II, III, IV, V, VI, and VII to the extent they are based on Section 1981 or asserted against Avetta, LLC;
   - **GRANT** the Motion as to Counts VIII (wrongful termination) and X (abuse of process) without prejudice to Plaintiff's FMLA retaliation claim; and
   - In the alternative, **GRANT** Plaintiff leave to amend his complaint to cure any pleading deficiencies.

# II. STANDARD OF REVIEW

6. Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Cook & Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505, 507 (5th Cir. 1971).
7. In considering a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
8. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook & Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505, 507 (5th Cir. 1971).
9. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court should liberally construe Plaintiff's Fourth Amended Complaint.

# III. ARGUMENT

## A. Count II (Retaliation) Should Not Be Dismissed to the Extent It Is Based on Section 1981

10. Defendants seek dismissal of Count II to the extent Plaintiff asserts Title VII retaliation against individual defendants. Plaintiff does not oppose dismissal of Title VII claims

against individual defendants. *See Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994).

11. **However, Count II also asserts retaliation under 42 U.S.C. § 1981**, which does permit individual liability. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The Fifth Circuit has held that "individuals may be held liable under § 1981 for their personal involvement in discriminatory acts." *Fennell v. TLB Kent Co.*, 865 F. Supp. 2d 785, 795 (N.D. Tex. 2011) (citing *Allen v. City of Chicago*, 865 F.2d 859, 861 (7th Cir. 1989)); *see also Johnson v. PRIDE Indus.*, No. 3:18-cv-01219, 2019 WL 3875066, at *6 (N.D. Tex. Aug. 16, 2019) (recognizing individual liability under § 1981).
12. Plaintiff's Fourth Amended Complaint clearly alleges that the individual defendants engaged in retaliation in violation of Section 1981. Plaintiff has pleaded specific facts—including the rescission of his promotion, the retaliatory PIP, the false accusation of forgery, the sham investigation, and the termination while on FMLA leave—that support a plausible inference of retaliation. These allegations are more than mere conclusory statements and satisfy the pleading standard.
13. Accordingly, Count II should survive as to the Section 1981 retaliation claim against the individual defendants.

## B. Count III (Disparate Treatment) Should Not Be Dismissed

14. Defendants argue that Count III is duplicative of Plaintiff's other discrimination claims. However, "disparate treatment" is a distinct theory of intentional discrimination recognized under Section 1981. *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977). While it may overlap with other claims, it is not a separate cause of action requiring dismissal at this stage.
15. Plaintiff has pleaded facts sufficient to support a plausible inference of disparate treatment: (1) Plaintiff, a Black man, was offered a promotion that was rescinded; (2) two less-qualified white women were hired for the same role; (3) Plaintiff was subjected to a retaliatory PIP; and (4) Plaintiff was terminated while on FMLA leave. These facts, accepted as true, support a plausible inference of intentional discrimination.
16. Even if Count III is duplicative, dismissal is not warranted. Plaintiff should be permitted to proceed on this theory, and if the Court determines it is redundant, it may be addressed at summary judgment. *See, e.g., Klein v. Walker*, No. 3:18-cv-01547, 2019 WL 3935952, at *4 (N.D. Tex. Aug. 20, 2019) (permitting plaintiff to proceed on "disparate treatment" as a theory, not a separate claim).
17. Accordingly, Count III should not be dismissed.

## C. Count IV (ADA Claims) Should Not Be Dismissed Against Avetta, LLC

18. Defendants seek dismissal of Count IV against Anna Bradbury and Johanna Gneiting individually. Plaintiff does not oppose dismissal of individual ADA claims. *See Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) (holding that "the ADA does not permit an action against individual defendants for retaliation for conduct protected by the ADA or for failure to accommodate").
19. **However, Count IV is also asserted against Avetta, LLC.** The ADA does permit claims against employers. Plaintiff has pleaded that Avetta, LLC failed to accommodate

his disability, failed to engage in the interactive process, and disclosed his confidential medical information. These allegations are sufficient to state a plausible ADA claim against Avetta.

20. The Fifth Circuit has held that "an employer's failure to engage in the interactive process is a violation of the ADA." *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 736 (5th Cir. 1999). Plaintiff has pleaded that he requested an accommodation, that Defendants failed to engage in the interactive process, and that Defendants disclosed his confidential medical information. These allegations state a plausible claim.
21. Accordingly, Count IV should survive as against Avetta, LLC.

## D. Counts V and VI (ADA Retaliation and Interference) Should Not Be Dismissed Against Avetta, LLC

22. Defendants seek dismissal of Counts V and VI against individual defendants. Plaintiff does not oppose dismissal of individual ADA retaliation and interference claims.
23. **However, Plaintiff's claims against Avetta, LLC remain.** Plaintiff has pleaded that Avetta, LLC retaliated against him for requesting an ADA accommodation and interfered with his ADA rights. These claims are properly pleaded against the employer.
24. Plaintiff's allegations include: (1) requesting an accommodation on or about March 8, 2026; (2) being threatened with termination for requesting the accommodation; (3) being terminated shortly thereafter; and (4) being subjected to a fraudulent TRO proceeding that interfered with his ADA rights. These facts state plausible claims for ADA retaliation and interference against Avetta, LLC.
25. Accordingly, Counts V and VI should survive as against Avetta, LLC.

## E. Count VII (Aiding and Abetting — Texas Labor Code § 21.056) Should Not Be Dismissed

26. Defendants argue that Count VII is pleaded in conclusory terms. While Plaintiff acknowledges that the allegations could be more specific, the Complaint provides sufficient factual context to state a plausible aiding and abetting claim.
27. Texas Labor Code § 21.056 provides that "[a] person who aids, abets, incites, or coerces a discriminatory practice is considered to be a person who engaged in the discriminatory practice." Plaintiff has alleged that each individual defendant participated in or ratified the discriminatory and retaliatory practices, that Defendant Wattam admitted knowledge of the unlawful conduct, and that the individual defendants remained silent despite having the authority to intervene.
28. At the pleading stage, Plaintiff is not required to provide a detailed factual account of each defendant's specific acts. The Complaint provides sufficient notice of the claims against each defendant. *See, e.g., Hicks v. Love*, No. 4:21-cv-00223, 2022 WL 1814942, at *5 (E.D. Tex. June 2, 2022) (permitting aiding and abetting claim to proceed where complaint provided sufficient factual context).
29. In the alternative, Plaintiff requests leave to amend Count VII to provide additional factual specificity. Under Rule 15(a), leave to amend should be freely given when justice so requires.

### F. Count VIII (Wrongful Termination — Texas Common Law) and Count X (Abuse of Process)

30. Plaintiff acknowledges that Count X (abuse of process) may be subject to dismissal under Texas law. Texas courts require a showing of post-issuance misuse of process, and Plaintiff's allegations regarding the TRO are primarily directed at its procurement. *See Bossin v. Towber*, 894 S.W.2d 25, 33 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Plaintiff does not oppose dismissal of Count X with prejudice.
31. As to Count VIII (wrongful termination), Plaintiff recognizes that Texas law has a narrow exception to the at-will employment doctrine under *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). While Plaintiff's allegations may not fit squarely within the *Sabine Pilot* exception, **Plaintiff's FMLA retaliation claim remains fully viable** and is pleaded with sufficient specificity.
32. The Fifth Circuit has recognized that a plaintiff may proceed on an FMLA retaliation claim where the plaintiff alleges that "the adverse employment action occurred approximately one month after plaintiff's FMLA leave expired." *Campos v. Steves & Sons, Inc.*, No. 19-51100, slip op. at 17 (5th Cir. Aug. 19, 2021). Here, Plaintiff was terminated *while on approved FMLA leave*, which is a stronger allegation of causation.
33. Plaintiff's FMLA retaliation claim is not dismissed by dismissal of his state common-law wrongful termination claim. The FMLA claim is a separate federal claim that survives.
34. Accordingly, Plaintiff does not oppose dismissal of Count VIII (wrongful termination) without prejudice to his FMLA retaliation claim.

## IV. CONCLUSION

35. For the foregoing reasons, Plaintiff respectfully requests that the Court:

a. **DENY** Defendants' Motion as to Counts II, III, IV, V, VI, and VII to the extent they are based on Section 1981 or asserted against Avetta, LLC;

b. **GRANT** Defendants' Motion as to Counts VIII (wrongful termination) and X (abuse of process) as Plaintiff does not oppose dismissal of those counts;

c. **GRANT** Plaintiff leave to amend his complaint to cure any pleading deficiencies identified by the Court; and

d. **GRANT** such other and further relief to which Plaintiff may be justly entitled.

**Respectfully submitted,**

**David Turner, Pro Se Plaintiff**
10311 Mackies Run Lane
Cypress, TX 77433
(281) 785-3584
David.Turner5898@gmail.com

**Date:** July 21, 2026

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **Plaintiff's Response to Defendants' Rule 12(b)(6) Partial Motion to Dismiss** was served on July 20, 2026, upon all counsel of record via electronic mail and certified mail.

**David Turner, Pro Se Plaintiff**