**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DAVID TURNER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO: 4:26-CV-03147** |
| **AVETTA, LLC, ET. AL,** | § | |
| **Defendants.** | § | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RULE 12(b)(6) PARTIAL MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Defendants Avetta, LLC, Arshad Matin, Jeff Dalton, Abid Yousuf, Leah Morelos, Johanna Gneiting, Stephany Acosta, Anna Bradbury, and Aaron Wattam (collectively, "Defendants") respectfully submit this reply in support of their Rule 12(b)(6) Partial Motion to Dismiss Plaintiff's Fourth Amended Complaint (the "Motion").

## I. Plaintiff's Concessions Narrow the Motion

Plaintiff expressly concedes that Title VII and the ADA do not impose individual liability. *See* Doc. 82 (Plaintiff's Response to Defendants' Rule 12(b)(6) Partial Motion to Dismiss Plaintiff's Fourth Amended Complaint) at 1, 3-4. He also does not oppose dismissal of Count VIII and dismissal of Count X with prejudice. *Id.* at 2, 5.

Plaintiff's concessions concern the following claims and portions of claims:

1. Count II to the extent that it asserts Title VII retaliation against the individual defendants. *Id.* at 3.
2. Count IV to the extent that it asserts ADA claims against Anna Bradbury and Johanna Gneiting. *Id.* at 3.
3. Count V in its entirety because it asserts ADA retaliation only against individual defendants. *Id.* at 4.

4. Count VI in its entirety because it asserts ADA interference only against individual defendants. *Id.* at 4.

5. Count VIII, which alleges a Texas common-law wrongful-termination claim. Plaintiff suggests that an FMLA retaliation claim remains separately pending, but as explained below, that assertion does not transform Count VIII into an FMLA claim or preserve the common-law claim. *Id.* at 5.

6. Count X, which alleges a Texas common-law abuse-of-process claim. *Id.* at 5.

The Court should give effect to each concession. The issues remaining for resolution are whether Count II's remaining § 1981 theories, Count III, Count IV's claims against Avetta, and Count VII are plausibly pleaded. They are not. Nor may Plaintiff preserve Counts V and VI by recasting them in his Response as claims against Avetta or preserve Count VIII by recasting it as an FMLA retaliation claim. As shown below, the Motion should be granted in full.

## II. The Governing Pleading Standard

Plaintiff invokes the superseded "no set of facts" pleading standard through both *Conley v. Gibson* and *Cook & Nichol, Inc. v. Plimsoll Club*. *Id.* at 2. *Bell Atlantic Corp. v. Twombly* replaced that standard with the requirement that a complaint plead sufficient factual matter to state a claim that is plausible on its face; *Ashcroft v. Iqbal* confirms that labels, conclusions, and formulaic recitation of the elements do not suffice. *Twombly*, 550 U.S. 544, 555, 570 (2007); *Iqbal*, 556 U.S. 662, 678 (2009).

Pro se complaints receive liberal construction, but mere conclusory allegations do not state a plausible claim. *See Brown v. Tarrant Cnty.*, 985 F.3d 489, 494 (5th Cir. 2021). And while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

at 555). As a result, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, does not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (courts do not presume true "legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement" (quoting *Harmon v. City of Arlington*, 16 F.4th 1159, 1162–63 (5th Cir. 2021))).

Plaintiff's Response does not identify nonconclusory factual allegations in the Fourth Amended Complaint that satisfy that standard. Instead, it principally restates legal elements and characterizes the Complaint's allegations as sufficient, without identifying factual content that plausibly cures the defects identified in the Motion. For these reasons, and as further explained below, Defendants' Motion should be granted in full.

## III. Argument

### A. Count II: The individual Title VII retaliation claims should be dismissed, and the response does not cure the remaining pleading deficiencies.

The parties agree that Count II cannot proceed against the individual defendants under Title VII. That portion of Count II should therefore be dismissed with prejudice.

Plaintiff invokes § 1981 as to the remaining aspects of Count II, but that does not respond to the separate pleading challenges addressed in the Motion. The Complaint groups an assortment of events—the PIP, alleged disparate treatment, a forgery accusation, an investigation, termination, post-termination LinkedIn activity, and the state-court TRO proceeding—under the single label "retaliation." It does not plead nonconclusory facts connecting particular retaliatory acts to particular defendants or facts making retaliatory causation plausible as to each asserted theory. The response merely repeats the same labels and events; it does not supply the missing factual allegations.

Plaintiff's reference to § 1981 individual liability is thus beside the point. Even where § 1981 permits a claim against an individual, Rule 8 still requires factual allegations sufficient to permit a plausible inference of liability. Plaintiff has not provided them.

### B. Count III: Plaintiff's own authority confirms that disparate treatment is a theory, not an independent cause of action.

Count III is captioned "Disparate Treatment" under § 1981. Plaintiff responds that disparate treatment is "a distinct theory of intentional discrimination." That is the defect the Motion identifies. A theory of proving intentional discrimination is not, without more, a freestanding cause of action.

Plaintiff also cites *Klein v. Walker* and describes it as permitting disparate treatment to proceed "as a theory, not a separate claim."[1] That description reinforces—not undermines—Defendants' point. Thus, even accepting Plaintiff's characterization of disparate treatment as a theory of intentional discrimination, Count III cannot proceed as an independent count untethered from a separately pleaded statutory cause of action.

And even if Count III is construed as an additional § 1981 discrimination claim, it remains deficient. Section 1981 requires facts supporting intentional race discrimination and but-for causation. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020). Count III itself alleges only that Plaintiff was placed on administrative leave while the white individuals he reported remained employed and undisciplined, that he was offered an allegedly unusual severance package, and that Defendants pursued a TRO narrative Plaintiff contends would not have been used against a white litigant. Those allegations identify no similarly situated

[1] Defendants have been unable to locate the decision Plaintiff cites as *Klein v. Walker*, No. 3:18-cv-01547, 2019 WL 3935952 (N.D. Tex. Aug. 20, 2019), through the reported citation, docket number, or the Northern District of Texas docket.

comparators and supply no nonconclusory facts plausibly connecting any challenged action to race as a but-for cause.

Plaintiff's Response instead points to a rescinded promotion, the hiring of two allegedly less-qualified white women, an alleged retaliatory PIP, and termination while on FMLA leave. But Plaintiff is bound by the allegations of his Fourth Amended Complaint and may not revise Count III through his Response. *See Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). Regardless, Count III attributes conduct to "Defendants" collectively; it does not identify which Defendant allegedly placed Plaintiff on leave, made or authorized the severance offer, pursued the TRO proceeding, or otherwise committed a particular race-based act. That undifferentiated pleading provides no factual basis to infer that any particular individual defendant intentionally discriminated against Plaintiff because of race. Count III should be dismissed.

**C. Count IV: Plaintiff concedes the individual ADA claims, and conclusory assertions do not state an ADA claim against Avetta.**

Plaintiff concedes dismissal of the ADA claims against Bradbury and Gneiting. Those claims should be dismissed with prejudice.

As to Avetta, the response does not identify the factual allegations that the Complaint lacks: the accommodation requested, why it was reasonable, Plaintiff's ability to perform the essential functions of the position with that accommodation, and how Avetta allegedly denied it. Nor does it identify the alleged confidential medical information, the recipient, or the circumstances of any alleged disclosure.

Plaintiff misreads *Loulseged*. That decision does not hold that an employer's failure to engage in the interactive process, standing alone, violates the ADA. Rather, it recognizes an ADA violation where an employer's unwillingness to participate in a good-faith interactive process leads to a failure to reasonably accommodate an employee. *See Loulseged v. Akzo Nobel Inc.*, 178 F.3d

731, 736 (5th Cir. 1999). The relevant inquiry therefore remains whether the Complaint plausibly alleges an actionable failure-to-accommodate claim, including a reasonable accommodation that was requested and denied. It does not. Count IV should be dismissed.

**D. Counts V and VI: The Complaint names only individual defendants, not Avetta.**

Plaintiff concedes that the individual defendants cannot be liable under the ADA in Counts V and VI. The Complaint expressly limits both counts to the individual defendants; neither count names Avetta as a defendant. *See* Doc. 28 at 5.

Plaintiff cannot amend Counts V and VI through his Response by adding Avetta as a defendant. A claim not raised in the complaint, but advanced only in response to a dispositive motion, is not properly before the Court. *Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). And because a claim for relief must be pleaded, Plaintiff may not amend his allegations through a response to a motion to dismiss. *Gore v. Trans Union LLC*, No. 3:23-cv-1199-E-BN (N.D. Tex. Feb. 5, 2024). Counts V and VI, as pleaded, name only individual defendants—not Avetta—and Plaintiff concedes that the individuals cannot be liable under the ADA. Both counts should therefore be dismissed with prejudice.

**E. Count VII: Plaintiff acknowledges the allegations need more specificity but supplies none.**

Plaintiff acknowledges that Count VII's allegations "could be more specific." *See* Doc. 80-1 at 4. That acknowledgment confirms the Motion's central point: the Complaint does not state what any individual defendant did to aid, abet, incite, or coerce a particular unlawful practice. It instead recites statutory verbs and generally alleges participation, ratification, knowledge, silence, or inaction.

Plaintiff also misquotes Texas Labor Code § 21.056. The statute does not provide that a "person" who aids, abets, incites, or coerces a discriminatory practice is deemed to have engaged

in that practice. Rather, it provides that "[a]n employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or employment agency aids, abets, incites, or coerces a person to engage in a discriminatory practice." Tex. Lab. Code § 21.056. Plaintiff's paraphrase cannot expand the statute to impose liability on any person who allegedly participated in discrimination.

Count VII also fails because it is asserted only against individual Avetta personnel. Section 21.056 applies to an employer, labor union, or employment agency—not ordinary employees or managers who do not independently qualify as an employer under Chapter 21. *See* Tex. Lab. Code §§ 21.002(8), 21.056; *see also Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001). The Complaint does not allege that any individual Defendant independently qualifies as an employer, labor union, or employment agency. Count VII therefore fails as a matter of law.

Even if Count VII could be asserted against the individual Defendants, it would still fail. The Court's Rule 12(b)(6) analysis is confined to the well-pleaded allegations of the Fourth Amended Complaint. Plaintiff's Response does not identify allegations in that pleading showing what Wattam or any other individual knew, when they knew it, what authority they possessed, what they did or failed to do, or how that conduct aided a particular discriminatory or retaliatory act. Instead, Plaintiff merely asserts that the Complaint provides sufficient notice of his claims against each defendant. It does not. Rule 8 requires more than a statutory label and a collective assertion that all individual defendants participated. Count VII should be dismissed.

**F. Counts VIII and X should be dismissed with prejudice.**

Plaintiff does not oppose dismissal of Count VIII and Count X. Count X should be dismissed with prejudice, as Plaintiff expressly acknowledges. Count VIII fails as a matter of law because the Complaint does not allege that Avetta terminated Plaintiff for refusing to commit an

illegal act—the narrow circumstance recognized by Texas law. *See Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). Plaintiff's Response identifies no proposed facts that could bring Count VIII within that exception. Plaintiff cannot preserve Count VIII by recasting it in his response as an FMLA retaliation claim. Count VIII pleads a Texas common-law wrongful-termination claim—not FMLA retaliation—and it fails because the Complaint does not allege the elements of Texas's narrow exception to at-will employment.

**IV. Request for Relief**

For these reasons, and for the reasons stated in the Motion, Defendants ask the Court to grant the Motion in full and:

1. Dismiss Count II with prejudice to the extent it asserts Title VII retaliation against the individual defendants, and otherwise dismiss Count II for failure to state a claim;
2. Dismiss Count III;
3. Dismiss Count IV with prejudice to the extent it asserts ADA claims against Anna Bradbury and Johanna Gneiting, and otherwise dismiss Count IV for failure to state a claim;
4. Dismiss Count V with prejudice;
5. Dismiss Count VI with prejudice;
6. Dismiss Count VII;
7. Dismiss Count VIII with prejudice; and
8. Dismiss Count X with prejudice.

Plaintiff does not oppose dismissal of the individual Title VII and ADA claims or Counts VIII and X. The Court should dismiss those claims and grant the Motion as to the remaining disputed claims for the reasons explained above.

Respectfully submitted,

*/s/ Kelley Edwards*
Kelley Edwards
Texas Bar No. 24041775
Federal I.D. No. 560755
kedwards@littler.com
Zahra Jivani Fenelon
Texas Bar No. 24052826
Federal I.D. No. 2621972
zfenelon@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: 713.951.9400
Facsimile: 713.951.9212

ATTORNEYS FOR DEFENDANTS AVETTA, LLC., ARSHAD MATIN, JEFF DALTON, ABID YOUSUF, LEAH MORELOS, JOHANNA GNEITING, STEPHANY ACOSTA, ANNA BRADBURY, and AARON WATTAM

**CERTIFICATE OF SERVICE**

I certify that on July 29, 2026, a true and correct copy of the foregoing document was duly served via ECF filing, certified mail, return receipt requested and email as follows:

David Turner
10311 Mackies Run Lane
Cypress, TX 77433
Davidcturner2016@gmail.com
David.Turner5898@gmail.com

*/s/ Kelley Edwards*
Kelley Edwards