**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

JUL 2 9 2026

Nathan Ochsner, Clerk of Court

DAVID TURNER,
Plaintiff,

v.

AVETTA, LLC; ARSHAD MATIN;
JEFF DALTON; ABID YOUSEF;
LEAH MORELOS; JOHANNA GNEITING;
STEPHANY ACOSTA; ANNA BRADBURY;
and AARON WATTAM,

Defendants.

**Civil Action No. 4:26-cv-03147**

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL OBJECTIONS TO MAGISTRATE JUDGE'S JULY 28, 2026 ORDER (ECF NO. 81) AND SUPPLEMENTAL NOTICE OF ONGOING HARM, FORUM SHOPPING, AND BAD FAITH**

**TO THE HONORABLE GEORGE C. HANKS, JR., UNITED STATES DISTRICT JUDGE:**

COMES NOW Plaintiff David Turner, Pro Se, and respectfully moves this Court for leave to file his **Supplemental Objections to Magistrate Judge's July 28, 2026 Order (ECF No. 81) and Supplemental Notice of Ongoing Harm, Forum Shopping, and Bad Faith**, attached hereto as **Exhibit A**. In support thereof, Plaintiff shows the Court as follows:

# I. PROCEDURAL BACKGROUND

1. On June 1, 2026, Magistrate Judge Peter Bray entered an Order (ECF No. 71) imposing a blanket pre-filing restriction on Plaintiff, requiring him to "seek leave of court" before filing any document in this action.
2. On July 28, 2026, Magistrate Judge Bray entered a further Order (ECF No. 81) denying Plaintiff leave to file a Motion for Summary Judgment and a Reply to Defendants' Answer, while granting limited leave to file a Response to Defendants' Motion to Dismiss.

3. Plaintiff now seeks leave to file his Supplemental Objections to the July 28, 2026 Order pursuant to **Federal Rule of Civil Procedure 72(a)** and **28 U.S.C. § 636(b)(1)(A)**, which provide that a district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."
4. These Objections are timely filed within **14 days** of the July 28, 2026 Order, as required by Rule 72(a).

# II. GOOD CAUSE EXISTS FOR GRANTING LEAVE

5. **The Proposed Filing Is Timely and Procedurally Proper.** Under Rule 72(a), objections to a magistrate judge's order must be filed within 14 days. Plaintiff's proposed Supplemental Objections are being filed within that timeframe. The Objections are addressed to the District Judge, as required, and are properly accompanied by this Motion for Leave as mandated by the June 1, 2026 Order.
6. **The Proposed Filing Addresses Serious Legal Errors That Are "Clearly Erroneous" and "Contrary to Law."** The July 28, 2026 Order compounds the errors of the June 1, 2026 Order by:
   - Denying Plaintiff leave to file a Motion for Summary Judgment despite there being no genuine dispute of material fact, in contravention of **Federal Rule of Civil Procedure 56(b)**, which provides that a party may file a motion for summary judgment "at any time until 30 days after the close of all discovery";
   - Denying Plaintiff leave to file a Reply to Defendants' Answer, allowing conclusory affirmative defenses to stand unchallenged in violation of the pleading standards established in **Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)**, and **Ashcroft v. Iqbal, 556 U.S. 662 (2009)**;
   - Perpetuating a pre-filing restriction that was imposed **without any finding of vexatiousness, frivolousness, or bad faith** on Plaintiff's part, and without the requisite procedural safeguards of notice and an opportunity to be heard.
7. **The Proposed Filing Documents Ongoing Harm and Bad Faith.** Since the June 1 Order was entered, Defendants have continued their forum shopping in state court—as documented in the June 2, 2026 email exchange with the 295th Judicial District Court—refused to respond to discovery, and failed to oppose any substantive motion. The proposed filing brings this ongoing misconduct to the Court's attention.
8. **The Proposed Filing Is Directly Relevant to Pending Matters Before This Court.** The Supplemental Objections are directly relevant to the District Judge's pending review of Plaintiff's Rule 72(a) Objections and address issues that cannot be resolved at the upcoming scheduling conference. The Objections specifically challenge the Magistrate Judge's denial of Plaintiff's request to file dispositive motions, which is a matter within the District Judge's purview under Rule 72(a).
9. **Granting Leave Will Not Prejudice Defendants.** Defendants have been on notice of the issues raised in the proposed filing. They have had ample opportunity to respond to Plaintiff's underlying motions but have chosen not to—filing no response to Plaintiff's Motion for Findings of Bad Faith (ECF No. 40), Motion to Disqualify (ECF No. 27), or Emergency Motion for Protective Order and Sanctions (ECF No. 23). Granting leave will

not cause any delay or prejudice. To the contrary, denying leave would perpetuate the very delay that Defendants have engineered.

10. **Denying Leave Would Perpetuate Injustice and Reward Bad-Faith Conduct.** The pre-filing restriction has effectively silenced Plaintiff while Defendants continue their obstructionist conduct—including forum shopping, failure to respond to discovery, and failure to oppose substantive motions. Denying leave to file these Objections would allow the Magistrate Judge's erroneous Orders to stand unchallenged and would reward Defendants' bad-faith litigation strategy. As the Supreme Court recognized in **Chambers v. NASCO, Inc., 501 U.S. 32, 43-45 (1991)**, this Court possesses the inherent authority to sanction bad-faith litigation conduct, including forum shopping and the abuse of parallel judicial proceedings.
11. **The Proposed Filing Complies with This Court's Procedures.** Plaintiff has reviewed Judge Hanks's Court Procedures and Local Rules. The proposed filing:
    - Is submitted through the proper channels (via Motion for Leave, as required by the June 1 Order);
    - Addresses a substantive legal issue properly before the District Judge under Rule 72(a);
    - Is timely filed within the 14-day objection period; and
    - Will be served on all parties of record, as indicated in the Certificate of Service.

## III. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. **GRANT** Plaintiff leave to file his **Supplemental Objections to Magistrate Judge's July 28, 2026 Order (ECF No. 81) and Supplemental Notice of Ongoing Harm, Forum Shopping, and Bad Faith**, attached hereto as **Exhibit A**;
2. **ORDER** that the Clerk of Court docket the proposed Supplemental Objections and Supplemental Notice; and
3. **GRANT** such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

**David Turner, Pro Se Plaintiff**
10311 Mackies Run Lane
Cypress, TX 77433
(281) 785-3584
David.Turner5898@gmail.com

**Dated:** July 28, 2026

## CERTIFICATE OF CONFERENCE

Pursuant to **Southern District of Texas Local Rule 7.1** and Judge Hanks's Court Procedures, I certify that on July 28, 2026, I conferred with counsel for Defendants regarding the relief requested in this Motion. Counsel for Defendants did not respond.

**David Turner**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **Motion for Leave to File**, together with **Exhibit A** (Plaintiff's Supplemental Objections and Supplemental Notice), was served on all parties of record via electronic mail on July 28, 2026.

**David Turner**

## EXHIBIT A

Supplemental Objections Document