**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DAVID TURNER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO: 4:26-CV-03147** |
| **AVETTA, LLC, ET. AL,** | § | |
| **Defendants.** | § | |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER,**
**TO QUASH PREMATURE DEPOSITION NOTICES,**
**AND TO SEQUENCE PLAINTIFF'S DEPOSITION FIRST**

Defendants Avetta, LLC, Arshad Matin, Jeff Dalton, Abid Yousuf, Leah Morelos, Johanna Gneiting, Stephany Acosta, Anna Bradbury, and Aaron Wattam (collectively, "Defendants") move under Fed. R. Civ. P. 26(c), 26(d), 30, and 45 for a protective order quashing Plaintiff's premature and unilaterally-issued deposition notices, quashing the embedded requests for production, prohibiting Plaintiff from attempting to compel Defendants to produce non-parties outside their control through party notices, and ordering that Plaintiff's deposition proceed before any other depositions in the case. In support, Defendants state as follows:

## I. BACKGROUND

This is an employment dispute in which Plaintiff is proceeding *pro se*. Plaintiff filed his Complaint on April 20, 2026, and subsequently amended it three times. Doc. 1, 15, 19, 28. Defendants timely answered and moved for partial dismissal on July 20, 2026. Doc. 77, 78. The parties' initial pretrial and scheduling conference is set for August 27, 2026. Doc. 7.

On August 15, 2026, before the parties conducted their Rule 26(f) conference, Plaintiff unilaterally served deposition notices for all individual Defendants. (Exhibit 1). Plaintiff served

additional deposition notices on August 16, 2026. (Exhibit 2 and 3). The parties later conducted their Rule 26(f) conference on August 17, 2026. Plaintiff made no attempt to confer with Defendants regarding scheduling or availability before serving deposition notices, and no stipulation or court order permitted Plaintiff to serve deposition notices at this early stage. Additionally, Defendants' pending partial dismissal may remove some of the individual defendants from the case, in whole or in part, and may further streamline the claims and issues pending in this lawsuit. *See* Doc. 78.

In addition to his unilateral notice of each defendant, Plaintiff has also unilaterally noticed the depositions of non-parties, including Per Franzén, the CEO and Managing Partner of EQT AB, and Arvindh Kumar, a Partner and Co-Head of Technology at EQT Partners. Defendants do not control executives of another company merely because Plaintiff alleges a parent-subsidiary relationship, and his unilateral noticing of the same is improper. The notices also contain expansive requests for production in connection with the noticed depositions, seeking broad categories of documents, communications, and electronically stored information that extend well beyond any proper deposition exhibits or narrowly tailored materials needed for examination. The requests are especially burdensome because they were served before discovery opened, before the Court has ruled on the pending motion for partial dismissal, and before Plaintiff has been deposed regarding the factual basis of his claims.

Defendants ask the Court to quash the subpoenas and to order protection from Plaintiff's overly broad and harassing discovery tactics.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiff's deposition notices are premature under Rule 26(d)(1).

Plaintiff unilaterally served the deposition notices for Defendants on August 15, 2026, and served additional deposition notices on August 16, 2026. Federal Rule of Civil Procedure 26(d)(1) provides that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), absent stipulation or court order. The parties did not conduct their Rule 26(f) conference until August 17, 2026. Because the notices were served before the Rule 26(f) conference, they were premature when served.

That defect alone warrants protective relief. Under Rule 26(c)(1), the Court may, for good cause, forbid discovery, specify terms for discovery, or regulate the method or sequence of discovery. Trial courts have broad discretion to manage discovery and protect parties and non-parties from undue burden. *See Crawford-El v. Britton*, 523 U.S. 574 (1998); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984).

Plaintiff also did not attempt to coordinate dates or confer regarding witness availability before serving the notices. Instead, Plaintiff unilaterally selected a single date and time for each purported deponent. Although advance coordination is not required in every instance, that manner of proceeding underscores the premature and impractical nature of the notices here, particularly because they were served before the Rule 26(f) conference and seek depositions of multiple individual defendants. The Court should therefore quash, or at minimum stay, the notices.

### B. The pending motion for partial dismissal supports protecting the named individual Defendants from deposition at this time.

Defendants' motion for partial dismissal may eliminate some of the individual defendants from the case and/or eliminate some of Plaintiff's causes of action against one or more Defendants.

Requiring individuals to sit for deposition before the Court resolves whether they remain proper defendants would impose burden and expense that may prove unnecessary.

The Fifth Circuit recognizes that district courts may defer discovery while threshold legal issues are resolved, including when a Rule 12 motion may narrow the case or eliminate parties. *See Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987). Those principles support protection here because Plaintiff seeks to depose individuals whose continued party status is under active challenge.

Thus, at a minimum, the Court should stay the depositions of Arshad Matin, Jeff Dalton, Abid Yousuf, Leah Morelos, Johanna Gneiting, Stephany Acosta, Anna Bradbury, and Aaron Wattam until the Court rules on the motion for partial dismissal.

### C. Plaintiff cannot require Defendants to produce Per Franzén or Arvindh Kumar through party notices.

Plaintiff has unilaterally noticed the depositions of two non-Avetta employees, Per Franzén and Arvindh Kumar. These notices should be quashed because Avetta has no control over these individuals and cannot be compelled to produce them for deposition.

The Federal Rules distinguish between party depositions and non-party depositions. Under Federal Rules of Civil Procedure 30(a)(1) and 30(b)(1), a party may notice the deposition of another party. But if the proposed witness is a non-party testifying in an individual capacity, attendance ordinarily must be compelled under Rule 45(a)(1)(A)(iii). Plaintiff alleges that Per Franzén is the CEO and Managing Partner of EQT AB and that Arvindh Kumar is affiliated with EQT and is a board member of Avetta. Neither Franzén nor Kumar is a named defendant in this action, and neither are employees of Avetta. Although Plaintiff alleges a relationship between EQT and Avetta, that allegation is insufficient to establish control by any Defendant over either

witness.  Plaintiff cannot require Defendants, through party notices served on defense counsel, to produce Franzén or Kumar for deposition in their individual capacities.

Plaintiff's notices are improper to the extent that they seek to require Defendants to produce Franzén or Kumar for deposition, and they should be quashed.

**D. The embedded production requests are overbroad, disproportionate, and improper at this stage.**

The notices are also objectionable because they contain sweeping requests for production untethered to the needs of the case at this stage. Federal Rule of Civil Procedure 26(b)(1) limits discovery to nonprivileged matters relevant to a party's claims or defenses that are proportional to the needs of the case.

Here, the embedded production requests seek broad categories of documents and communications, including electronically stored information, emails, text messages, Slack messages, Teams messages, financial information, insurance-related materials, and other documents that may have only marginal relevance to the matter, if any. To the extent that the requests seek communications with counsel, legal advice, litigation strategy, or similar materials, they also implicate attorney-client privilege and work-product protection. Such requests are especially improper when presented in deposition notices served before the Rule 26(f) conference and before the Court has ruled on a pending motion that may narrow the parties and claims.

Rule 26(c)(1) authorizes the Court to protect a party or person from annoyance, embarrassment, oppression, undue burden, or expense, including by forbidding discovery or limiting its scope.  That is precisely the situation here.  The Court should therefore quash or stay the document requests embedded in the deposition notices and require that any later requests be narrowly tailored to relevant, proportional, and non-privileged matters.

### E. The Court should order that Plaintiff's deposition proceed first.

Although Defendants previously requested that Plaintiff be deposed first, before any other depositions in the case, Plaintiff has attempted to usurp that request by unilaterally noticing numerous depositions. While Defendants' right to depose Plaintiff first is mere custom, and not required by any particular rule, Federal Rule of Civil Procedure 26(d)(3) expressly preserves the Court's authority to order a specific sequence of discovery. Rule 26(c)(1) likewise authorizes the Court to control the timing and sequence of discovery for good cause.

Good cause exists here to require that Plaintiff's deposition occur before any other deposition. Plaintiff is the source of the factual allegations in his complaint and should first testify under oath regarding the factual basis for those allegations, the conduct he attributes to each Defendant, and the basis for seeking testimony from the various noticed persons. Plaintiff's deposition may materially narrow the issues, clarify which claims remain genuinely at issue, and reduce or eliminate the need for some or all of the currently noticed depositions.

Sequencing Plaintiff's deposition first is appropriate here because the challenged notices were served before the Rule 26(f) conference, include expansive production requests, and coincide with a pending motion for partial dismissal that may narrow the case. Requiring Plaintiff to sit for deposition first would allow the parties and the Court to better assess what further discovery, if any, is relevant and proportional after Plaintiff's factual contentions have been tested and after the pleadings are more settled.

Defendants do not seek to avoid their discovery obligations. They seek an orderly sequence that reduces burden, avoids unnecessary depositions, and promotes efficient case management under Rule 26.

## III. REQUESTED RELIEF

Defendants respectfully request that the Court enter an order:

1. Quashing, or alternatively staying, Plaintiff's deposition notices served before the Rule 26(f) conference, including the individual-defendant deposition notices served on August 15, 2026, and the additional notices served on August 16, 2026;
2. Holding that the notices were premature under Fed. R. Civ. P. 26(d)(1);
3. Prohibiting Plaintiff from attempting to compel Defendants, through party notices alone, to produce Per Franzén or Arvindh Kumar;
4. Quashing, or alternatively staying, the requests for production embedded in the deposition notices, and requiring that any later requests be limited to relevant, proportional, and non-privileged matters;
5. Staying the depositions of Arshad Matin, Jeff Dalton, Abid Yousuf, Leah Morelos, Johanna Gneiting, Stephany Acosta, Anna Bradbury, and Aaron Wattam until after the Court rules on Defendants' motion for partial dismissal;
6. Ordering that Plaintiff's deposition proceed before any deposition of the named Defendants; and
7. Granting Defendants all other and further relief to which they may be entitled.

## IV. PRAYER

For these reasons, Defendants respectfully request that the Court grant this Motion for Protective Order, quash or stay the challenged deposition notices and embedded production requests, require that Plaintiff's deposition occur first, and grant such other and further relief as justice requires.

Respectfully submitted,

*<u>/s/ Kelley Edwards</u>*

Kelley Edwards
Texas Bar No. 24041775
Federal I.D. No. 560755
kedwards@littler.com
Zahra Jivani Fenelon
Texas Bar No. 24052826
Federal I.D. No. 2621972
zfenelon@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: 713.951.9400
Facsimile: 713.951.9212

ATTORNEYS FOR DEFENDANTS AVETTA, LLC., ARSHAD MATIN, JEFF DALTON, ABID YOUSUF, LEAH MORELOS, JOHANNA GNEITING, STEPHANY ACOSTA, ANNA BRADBURY, and AARON WATTAM

## CERTIFICATE OF CONFERENCE

I certify that I made serious and timely efforts to confer with Plaintiff David Turner regarding the relief requested in this Motion for Protective Order, to Quash or Stay Premature Deposition Notices, and to Sequence Plaintiff's Deposition First.

On August 18, 2026, I emailed Plaintiff David Turner at David.Turner5898@gmail.com to request Plaintiff's position regarding the above relief. Plaintiff stated he opposes relief.

*<u>/s/ Kelley Edwards</u>*
Kelley Edwards

## CERTIFICATE OF SERVICE

I certify that on August 25, 2026, a true and correct copy of the foregoing document was duly served via ECF filing, certified mail, return receipt requested and email as follows:

David Turner
10311 Mackies Run Lane
Cypress, TX 77433
Davidcturner2016@gmail.com
David.Turner5898@gmail.com

*<u>/s/ Kelley Edwards</u>*
Kelley Edwards